In the matter of the taxation of FAURE ELECTRIC LIGHT AND FORCE COMPANY.

A corporation organized three years ago, which has preserved its existence by annually electing its officers since then, but has manufactured nothing because enjoined from using the patents under which it expected to make wares, is not liable to taxation on its mere franchise.

On petition for injunction.

*Mr. W. Y. Johnson*, for the state.

*Messrs. Dudley & Son*, for respondent.

BIRD, V. C.

The statute of 1884 provides for the assessment of certain corporations, and then adds:

"That all other corporations incorporated under the laws of this state and not hereinbefore provided for, shall pay a yearly license fee or tax of one-tenth of one per centum on the amount of the capital stock of such corporations; provided, that this act shall not apply to railway, canal or banking corporations, or to savings banks, cemeteries or religious corporations, or purely charitable or educational associations, or manufacturing companies or mining companies carrying on business in this state." *Rev. Sup. 1017 ? 159.*

The respondent has been assessed under this clause. It has not paid the tax.

The same statute provides:

"That, in addition to other remedies for the collection of such tax, it shall be lawful for the attorney-general * * * whenever any tax due under this act from any company shall have remained in arrears for the period of three months after the same shall have become payable, to apply to the court of chancery, by petition, in the name of the state * * * for an injunction to restrain such corporation from the exercise of any franchise, or the transaction of any business within this state until the payment of such tax and interest due thereon, and the costs of such application. * * * The said court is hereby authorized to grant such injunction if a proper case appears." *Rev. Sup. 1018 ? 162.*

A petition has been filed in this case.

When can the court interpose? Only when a " proper case " is presented. Have we a case now which calls for the aid of this court by way of injunction? I think not. The facts are, that, although the company has been organized for more than three years, it has not transacted any business in this state or out of it. It has only attempted to preserve its organization by the election of officers as provided by law. It has gone no further than this, because it has been prohibited by injunction from other courts against the use of patents under which it expected to manufacture its wares. There is nothing in the act that seems to carry it to such a case. In my view, the legislature did not intend to assess the mere right or franchise independently of the business, to carry on which the franchise was granted. It is the

exercise of the privilege thus granted that justifies the assessment,. or, at least, the interference of this court.    The legislature did not mean by one act to create a corporation, or to allow a body corporate to be created, and then, by another, to give this court, a court of equity, the power to strangle it while still struggling for existence.

I will advise that the order to show cause be dismissed.